**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| ELIMELET RODRIGUEZ ADAN,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK,<br>Respondent. | No. 2:26-cv-03149-SHL-tmp |

## ORDER STAYING TRANSFER AND REQUIRING RESPONSE

On September 4, 2026, Petitioner Elimelet Rodriguez Adan filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his immigration-related detention on several grounds, including that the detention violates his Fifth Amendment due process rights. (Id. at PageID 7–11.) Petitioner states that he first entered the United States in 2003 as a twelve-year-old minor, before returning to his native country of Mexico in 2012. (Id. at PageID 3.) In 2022, Petitioner re-entered the United States without inspection, and now resides in Jackson, Tennessee, with his pregnant wife and three minor children. (Id.)

Petitioner alleges that he was arrested on August 19, 2026, as he arrived home from work. (Id. at PageID 6.) He is now in Immigration and Customs Enforcement ("ICE") custody at the West Tennessee Detention Facility. (Id.) Petitioner seeks immediate release or a bond hearing. (Id. at PageID 11.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, if Petitioner has not done so already, he shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 9th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE