**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ELIMELET RODRIGUEZ ADAN,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03149-SHL-tmp |

**ORDER GRANTING PETITION**

On September 4, 2026, Petitioner Elimelet Rodriguez Aadan filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Adan challenges his "prolonged detention without . . . a custody determination." (Id. at PageID 8.) He seeks immediate release from Respondent's custody. (Id. at PageID 1.) Respondent timely filed its response on September 14. (ECF No. 6.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), but urges the Court to require Petitioner to exhaust his administrative remedies. (Id. at PageID 20.) Petitioner filed a reply to Respondent's response on September 14, contending that Respondent's arguments fail and Petitioner's petition should be granted. (ECF No. 7.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is a native and citizen of Mexico who first entered the United States in 2003 as a twelve-year-old minor. (ECF No.1 at PageID 3, 5.) Petitioner returned to Mexico in 2012, then re-entered the United States in December 2022. (Id. at PageID 3; ECF No. 6 at PageID 20.)

Petitioner resides in Jackson, Tennessee, with his pregnant wife and the couple's three minor children. (ECF No. 1 at PageID 3.) He was taken into Immigration and Customs Enforcement ("ICE") custody on August, 19, 2026. (Id. at PageID 6; ECF No. 6 at PageID 20.) He remains detained at the West Tennessee Detention Facility in ICE custody. (ECF No. 1 at PageID 6.) He asserts that ICE's detention of him violates his due process rights and seeks immediate release from Respondent's custody. (Id. at PageID 11.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 6 at PageID 20.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Nevertheless, Respondent maintains that the Court should require Petitioner "to pursue and exhaust his administrative remedies" before granting relief. (Id.) Specifically, according to Respondent, "[r]equesting a bond or custody hearing before the immigration judge following the binding decision of Lopez-Campos would not be futile and would offer meaningful and timely administrative relief." (Id. at PageID 23.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests

or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 14th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE